George SLOAN, Appellant,

v.

Ophelia SLOAN, Appellee.

No. C14–84–207–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 15, 1984.

Moncie Rasmus, Jr., Houston, for appellant.

Marsha Lynn Merrill, Marc D. Markel, Houston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, Justice (Retired).

## OPINION

SEARS, Justice.

This is an appeal from a divorce decree wherein the court divided real property held in the name of a third person who was not a party to this lawsuit. The central issue to be determined on appeal is whether or not the district court could take such action in divesting the third person of her legal interest in the real property. We find the court erred and reverse in part and render judgment in accordance with this opinion.

The appellant and appellee were married in 1953 and separated in 1972. The appellant filed his original Petition for Divorce on July 13, 1982. Sometime during this separation the appellant moved in with Elizabeth Whiting and they subsequently purchased the property made the subject of this appeal. The original deed is not in the record. However, the appellant testified it was in his name and the name of Elizabeth Sloan (Elizabeth Whiting). The appellant testified his name was on the deed for the sole purpose of allowing Elizabeth to purchase the property. He further testified that Elizabeth made the down payment and all subsequent payments and that he had never paid anything for the property. Several months after the appellant filed for divorce he executed a deed transferring his interest in the property to Elizabeth. Subsequently this case was tried before a master who found the transfer from appellant to Elizabeth to be void and appellant and appellee were each awarded a one-half undivided interest in the property.

Within three days following the trial the appellant filed a motion to have the judge try the lawsuit. The motion was denied, his Motion for New Trial was overruled, and appellant perfected this appeal.

The appellant alleges in his first point of error that the trial court abused its discretion in classifying the real property as community property, and in divesting Elizabeth of her interest therein.

The authority for the action taken by the trial court can be found in TEX.FAM. CODE ANN. § 3.57 (Vernon Supp.1982–1983):

> After a petition for divorce or annulment is filed and until a final decree is entered, if a spouse transfers real or personal community property or incurs a debt that would subject community property to liability, the transfer or debt is void with respect to the other spouse if the transfer was made or the debt incurred with the intent to injure the rights of the other spouse. In an action to void any transfer or debt the spouse seeking to void said transfer or debt shall have the burden of proving that the person dealing with the transferor or debtor spouse had notice of the intent to injure the rights of the other spouse.

It should be emphasized that a prerequisite to voiding the transfer is a finding that:

(1) the transfer was made with the intent to injure the rights of the spouse and,

(2) the transferee must have notice of the transferor's intent to injure the rights of his spouse.

The trial court made findings of fact and conclusions of law that the transfer of the property from appellant to Elizabeth was made with the intent to injure the rights of the appellee and that Elizabeth had notice of such intent. There is no evidence in the record to support this finding and conclusion. Elizabeth did not testify. Appellee had no knowledge of the existence of this property and did not testify or allege fraud or intent to injure her rights in any community property interest. Appellant testified that he had no interest in the property, that no community property assets were used or pledged for the down payment or any subsequent payments, and that the property always belonged to Elizabeth. Although a community property interest may have attached if the appellant executed a promissory note for the purchase of the property, there is no evidence that community property assets were used or pledged. Further,

in order to void the transfer from appellant to Elizabeth, the burden of proof is on the appellee to show appellant intended to defraud her and that Elizabeth had notice of such intent. Appellee has failed in this burden because there is no evidence of appellant's intent to defraud appellee and no evidence that Elizabeth had notice of any such intent. Appellant's first point of error is sustained.

It is not necessary to consider the appellant's other points of error.

As to the property known as Lot Six, in Block One of Brays Village East, Section Two, located in Harris County, Texas, the judgment of the trial court is reversed and judgment is hereby rendered that the property is not community, and as to this property appellant and appellee take nothing. Otherwise, the judgment of the trial court is affirmed.